## Shively *et al.* *versus* Black.

*Statute of Frauds, § 4, as enacted in Pennsylvania, construed.*

The consideration of a written agreement to answer for the debt of another need not be expressed in the writing, but may be proved by other evidence.

ERROR to the Common Pleas of *Perry county*.

This was an action of *assumpsit*, brought by David M. Black against Zimmerman & Co., Samuel Gutshall, and John Shively, on the following instrument signed by the defendants :—

" We, the undersigned, guarantee to furnish David M. Black obligations to the amount of six hundred and fifty dollars, for a certain tract of land situate in Madison township, on or before the 1st day of April 1859."

The evidence in the case, which was not controverted, showed that this agreement was signed under the following circumstances :—

On the 7th September 1858, David M. Black, the plaintiff, sold a stock of goods to John B. Zimmerman and David Zimmerman, partners trading in the name of Zimmerman & Co., for the consideration of $3200. In part payment, Zimmerman & Co. were to deliver to Black " obligations on a certain tract of land, situate in Madison township, amounting to $650." The tract of land mentioned was at that time owned by Zimmerman & Co., who had a parol contract with David Garland to purchase it. Garland was to give bonds for $650, which were the bonds referred to in the agreement between Black and Zimmerman & Co. for the sale of the stock of goods. When Black was about delivering possession of the goods to Zimmerman & Co., they had not obtained Garland's bonds, and were unable to comply with their contract; for the contract between Zimmerman & Co. and Garland, for the purchase of the land, was not to be executed, and bonds given until the 1st of April following (1859). Black refused to deliver possession of the goods until he obtained the bonds ; and in order to get possession, Zimmerman & Co. offered to give Black security for the delivery of the bonds on the 1st of April 1859. The agreement, on which this suit was brought, was then signed by Zimmerman & Co. and Samuel Gutshall and John Shively, as securities, and Black then delivered the goods to Zimmerman & Co. These were the admitted facts of the case, as proved by R. I. Hines and Daniel Garland, witnesses in the case. The contract between Zimmerman & Co. and Garland for the sale and purchase of the land, was never executed : consequently no bonds were given by Garland or tendered by Zimmerman & Co. to Black. It was admitted that the questions of defence, upon the facts recited, were matters of law for the court to decide, and that the verdict of the jury ought to be in accordance with the

[Shively *et al. v.* Black.]

instructions of the court upon the legal questions submitted by defendant's counsel.

The position taken by the counsel for defendants was that there can be no recovery against the sureties, because there was no consideration mentioned in the written guarantee or promise.

The court below (GRAHAM, P. J.) instructed the jury to find for the plaintiff, which was done. Judgment having been entered on the verdict, the defendant sued out this writ, and assigned for error the following portions of the charge of the court below :—

1. In instructing the jury, that under our Statute of Frauds of 1855, the consideration of a promise or undertaking to pay the debt of another not appearing on the face of the promise, may be shown by parol; and in saying to the jury, " Why, then, should we apply the English rule to the construction of our Statute of Frauds, which is not applicable to other cases ?"

2. In instructing the jury " that the same evidence which proved the suretyship, showed the whole truth of the case," and in effect saying that, while the relation of plaintiffs in error as sureties was being established, the same proof showed a valid consideration for the guaranty, thereby enabling plaintiff below to establish the consideration by parol.

3. In saying to the jury, " Apply these principles to the present case, and it is clear of difficulty, even under the ruling of the courts of England. The guaranty is dated on the 2d October, and agrees to furnish the plaintiff obligation to the amount of $650, for a certain tract of land situate in Madison township. But this is not the only written evidence of the consideration of the guaranty. On the 27th September 1858, five days before the guaranty, Zimmerman & Co., by their written agreement, purchased from Black a stock of goods for $3200, and in part payment agreed to give the plaintiff obligations on a certain tract of land situate in Madison township, and bounded by land of George Hohenschildt, George M. Loy, and others, said obligations amounting to $650." No man of ordinary intelligence could doubt that the obligations mentioned in the papers of the 27th September and 2d October are the same. * * * * Now, in the absence of all parol evidence on the subject, the plain and unmistakeable inference from the two papers is, that upon the guaranty of Gutshall and Shively, Black agreed to extend the time for the delivery of the bonds from 2d October to 1st of the following April."

*Junkin & McIntyre*, for plaintiff in error.

*William Sponsler*, for defendant in error.

The opinion of the court was delivered, May 14th 1863, by

[Shively *et al. v.* Black.]

READ, J.—For a period of more than a century and a quarter from the passage of the Statute of Frauds, 29 Charles 2, c. 3, as Lord Eldon, a very great authority in the law, said, "We had always taken the law to be clear, that if a man agreed in writing to pay the debt of another, it was not necessary that the consideration should appear on the face of the writing." In the year 1804, in the case of Wain *v.* Warlters, 5 East 10, the Court of King's Bench decided, for the first time, that the consideration must be expressed in the written paper, or agreement. This decision, although not satisfactory, finally became the settled law of England, with a qualification, which is well expressed by Lord Campbell in Powers *v.* Fowler, 4 E. & B. 516, decided in 1855 : "The agreement," said his lordship, "includes not merely the promise or undertaking, but the consideration for that promise, without which it is not an agreement; therefore the consideration must be disclosed in the writing. But if it appears by the express terms, or by *necessary inference* from the terms of the writing, that the defendant's promise is upon the terms of the plaintiff's performing some condition, the performance of which will be a benefit to the defendant or a detriment to the plaintiff, then it appears in the writing that there is a consideration, and on the performance of the condition the plaintiff may sue." Wightman, J., said : "All the cases agree that it is enough if the consideration can fairly be collected from the terms of the writing." The construction placed upon the 4th section was not extended to the 17th section, under which it was held that the consideration need not be expressed.

In Sears *v.* Brink, 3 Johns. 210, the Supreme Court of New York, in 1808, following the Court of King's Bench, adopted the construction given to the statute in Wain *v.* Warlters, without any extended discussion of the question ; and this has been made a part of the statute law of the state : 2 R. S. 135, § 8 ; 10 Paige 386.

So inconvenient and unjust was the rule thus established by judicial interpretation found, that by the 3d section of the Mercantile Law Amendment Act, 1856, 19 & 20 Vict., c. 97, it was enacted that "no special promise to be made by any person after the passing of this act to answer for the debt, default, or miscarriage of another person being in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized, shall be deemed invalid to support any action, suit, or other proceeding, to charge the person by whom such promise shall have been made, by reason only that the *consideration for such promise does not appear in writing, or by necessary inference from a written document.*"

The British Parliament, as a matter of practical expediency, restored what had been the old construction of the 4th section,

existing at the commencement of the present century. The 17th section, which has never been enacted in this state, is set at nought in Manchester, and in many other trading communities in England, and not a scrap of writing intervenes as evidence of the largest transactions.

This question of the necessity of the consideration appearing on the face of the writing came up in 1821, in Packard *v.* Richardson, 17 Mass. 122, and Chief Justice Parker, after stating that this statute had been in operation for more than a century, and that it had never been doubted that it was not necessary that the consideration should be mentioned in the writing, entered into an elaborate and explanatory discussion of the whole subject, and arrived at the conclusion that the true construction was that the consideration might be proved by parol, and need not appear on the face of the written instrument.

This is now a part of the Revised Statutes of Massachusetts, p. 527, and is thus declared: "The consideration of such promise, contract, or agreement, need not be set forth or expressed in the writing signed by the party to be charged thereunto, but may be proved by any other legal evidence." The Massachusetts doctrine has been followed in Maine, Vermont, Connecticut, North Carolina, Ohio, Missouri, Texas, and New Jersey, whilst other highly respectable states have adopted the now repealed English rule.

In this state, the 17th section of the English Statute of Frauds never existed, and the portions of the 4th section, embodied in our Act of 26th April 1855, had no previous existence on our statute book. The whole of such contracts without any writing were perfectly legal. No part of the agreement was required to be written, and it will not do to enhance the difficulty of complying with the Act of Assembly, by requiring, as an essential element, the introduction of the consideration, which would be provable by any other legal evidence.

As we are trammelled by no decision, and the English rule has been found unjust in so old a settled country as England, with a community brought up under the statute, it appears proper for us to say that the consideration need not be expressed in the writing, but may be proved by any other legal evidence. As this point decides the whole case, it is only left to us to say that

The judgment is affirmed.