# Howell's Estate.

*Evidence—Writings relating to each other—Agreement to sell interest in estate—Assignment—Explanation of one paper by another.*

1. Where two papers, one being an agreement to sell an interest in an estate, and the other an assignment of the interest, contain internal references to each other, and are connected by oral evidence, it is proper to receive the first in evidence to explain the second.

2. Where a person having a one-twenty-fifth interest in remainder in a testator's estate after the death of his aunt, and also a one-thirtieth interest in the same by direct gift, agrees to sell all his interest in the estate of such decedent "now represented by stock interest in two corporations which took over the real estate" of decedent, "the vendor's interest being one thirtieth of the whole," and two days later he assigns the interest to the vendee described as being the grantor's stock interest "in two corporations which took over the real property of said decedent," and reference is made therein to an agreement among the heirs by which the two companies were formed to take over the undivided real estate, the assignment does not cover the one-twenty-fifth share which the assignor held in remainder.

Argued January 12, 1922. Appeal, No. 151, Jan. T., 1922, by Commonwealth Title Ins. & Trust Co. et al., executors of the will of Joshua R. Jones, deceased, from decree of C. P. No. 3, Phila. Co., June T., 1907, No. 2616, dismissing exceptions to auditor's report, in estate of Rebecca L. Howell, deceased. Before MOSCHZISKER, C. J.,

FRAZER, WALLING, KEPHART and SCHAFFER, JJ. Affirmed.

Exceptions to report of Ulysses S. Koons, Esq., auditor. Before FERGUSON, J.

Rebecca L. Howell died April 7, 1920.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Commonwealth Title Insurance & Trust Co., executors of Joshua R. Jones, deceased, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Hector T. Fenton,* with him *Joseph W. Shannon,* for appellant.—Manifestly the intention of the assignor, as deduced from the language of the assignment, was to sell and convey all his then remaining interest in testator's estate: Nash v. Towne, 5 Wallace 689.

*Robert T. McCracken,* with him *Roberts, Montgomery & McKeehan,* for appellee.—A transfer in general terms, followed by specific words in accord therewith, is limited thereby: Rhoads v. Blatt, 84 Pa. 31; Ramble v. Coal Co., 47 Pa. Superior Ct. 28.

Separate writings may be connected by oral evidence, provided they contain internal reference to each other: Ranney v. Byers, 219 Pa. 332; Helms v. Delaware County Trust Co., 35 Pa. Superior Ct. 542; Title Guaranty & Surety Co. v. Lippincott, 252 Pa. 112.

OPINION BY MR. JUSTICE SCHAFFER, February 6, 1922:

In this proceeding,—the audit of the final account of the guardian of Rebecca L. Howell, an insane person, deceased,—the executors of Joshua R. Jones appeal from a decree denying their right to participate in the distribution of the principal of her estate.

The claim of appellants is based on an assignment made by D. Zophar Howell to Joshua R. Jones; the former

was the son-in-law of the latter, and Rebecca L. Howell, his, Howell's, aunt. She was the daughter of Zophar C. Howell, out of whose estate primarily arises the fund in question. By his will, he devised an undivided sixth of his estate to Rebecca L. Howell for life, with remainder over to the children of her deceased brothers and sisters (D. Zophar Howell is the child of a deceased brother), and to her brother and sister living, in equal shares, the children of her deceased brothers and sisters to take by representation, with a proviso that, should his daughter marry, and leave a child or children surviving her, then the share should go to such child or children. Rebecca L. Howell died unmarried and without issue. It is conceded, under the terms of the will, D. Zophar Howell had a vested remainder in the share of the estate bequeathed to his aunt. In addition to this interest in the estate, he had a further share in it, as one of the five children of testator's deceased son Darius M. Howell, to whom was given another undivided sixth. It is a matter of importance, as will hereafter appear, to carry in mind that D. Zophar Howell's interest under the provision of the will last mentioned was one-thirtieth, whereas, as remainderman under the clause creating the life estate for Rebecca L. Howell, his interest was one twenty-fifth.

On October 28, 1910, D. Zophar Howell executed the assignment to Joshua R. Jones, the construction of which is here involved. Prior to that time, the executors of Zophar C. Howell had distributed all his personal estate, and there remained undistributed, only certain real estate situated in Pennsylvania, New Jersey, West Virginia and Delaware. In order to provide for the carrying of the real estate, so that it might be more advantageously sold, all parties in interest executed the paper referred to in the assignment as the "tripartite contract" which plays a most important rôle in the determination of the rights of the parties under the assignment. After reciting that, by the will of Zophar C. Howell, his executors were directed to sell the real estate, for the purpose

of making a division among those entitled to its proceeds within five years of testator's death, that the estate undistributed consisted entirely of real estate situated in Pennsylvania, New Jersey and elsewhere, and that it was to the advantage of those in interest that a forced sale should not be had, the contract provided that the Pennsylvania real estate should be conveyed to the Howell Corporation, to be organized under the laws of that state, the New Jersey real estate to the Howell Realty Company, a corporation to be created under the laws of that state, and that the real estate elsewhere located, should be conveyed to D. Zophar Howell in trust, to hold and dispose of as directed by the board of directors of the Howell Realty Company, for the benefit of the parties in interest. The contract further provided for the distribution of the shares of the two corporations, among those entitled to take the proceeds of the real estate, according to their several interests, as a result of which, there came into the possession of D. Zophar Howell, twenty shares of the capital stock of the Howell Realty Company, and three shares of the capital stock of the Howell Corporation. This tripartite contract is dated January 17, 1908.

The assignment in question, from D. Zophar Howell to Joshua R. Jones, recites a consideration of $24,600, which had been paid. It transferred to the assignee "twenty (20) shares (Certificate No. 21) of the capital stock of Howell Realty Company of New Jersey and three (3) shares (Certificate No. 20) of the capital stock of Howell Corporation of Pennsylvania, which shares now stand in my name on the books of the respective companies, together with all my undivided interest in the estate of the late Zophar C. Howell, deceased, and in any moneys, estate and property recited in and secured to me in my individual right, in and by a certain tripartite contract dated January 17, 1908, a copy of which is hereto annexed relating to said stock and to my interest in the estate of said decedent."

Appellants contend that, under this assignment, the vested remainder of the assignor, in the share of the estate given to Rebecca L. Howell, passed to their decedent Joshua R. Jones, whereas the position of the appellee, D. Zophar Howell, is, that all that was acquired by the assignee, was the property covered by the tripartite contract.

On October 26, 1910, two days prior to the execution of the assignment, an agreement was signed between Howell and Jones out of which the assignment came into being. This agreement set forth that the one agreed to sell to the other "all the right, title and interest of said D. Zophar Howell in the estate of the late Zophar C. Howell, deceased, *now represented by his stock interest in two corporations* which took over the real property of said decedent's estate; *the said vendor's interest therein being one-thirtieth of the whole* and now represented by certificate No. 20 for 3 shares of the Howell Corporation ......and certificate No. 21 for 20 shares of the Howell Realty Company." As the assignment resulted from this agreement, it is most significant that it described the vendor's interest as one-thirtieth, which it was if his interest in remainder after the death of Rebecca L. Howell was not covered by it. If it had been intended to include all his interest in the estate, that which he took directly under the will of Zophar C. Howell, and as remainderman, the fractional share of the estate would have been one-thirtieth plus one-twenty-fifth or eleven-one hundred and fiftieths. Furthermore, in defining what was to be transferred, it limited it to "All the right, title and interest of said D. Zophar Howell in the estate of the late Zophar C. Howell, deceased, *now represented by his* [the grantor's] *stock interest in two corporations which took over the real property of said decedent's estate.*" The two papers, the agreement of October 26, 1910, and the assignment two days later in date, contain internal reference to each other and were connected by oral evidence. This made it proper to receive the first

in evidence to explain the second: Title Guaranty &
Surety Co. v. Lippincott, 252 Pa. 112.   While there was
some objection to the admission of the agreement in the
lower court, it was not contended before us that it
should not have been received.

Let us now turn to the assignment itself: It recites
that a copy of the tripartite contract is annexed and
while it assigns the shares of stock enumerated "to-
gether with all my undivided interest in the estate of
the late Zophar C. Howell, deceased," it stipulates that
this interest is "recited in and secured to me in my indi-
vidual right [as it was by the shares of stock and under
the trust provided for] in and by a certain tripartite
contract......*relating......to my interest in the estate
of said decedent.*"   Turning to the tripartite contract, we
find it covers only the unsold real estate, the shares in
which were to be translated into certificates of stock in
the corporations to be created, save that part of the real
estate, elsewhere than in Pennsylvania and New Jersey,
which it was provided should be conveyed to D. Zophar
Howell as trustee, it as a matter of fact has not been
so conveyed, but remains vested in the estate of Zophar
C. Howell.   It was to this undisposed of real estate,
elsewhere than in Pennsylvania and New Jersey, every-
thing else having been divided, that the words of the
assignment "together with all my undivided interest in
the estate of the late Zophar C. Howell, deceased," refer.
As the only part of the decedent's estate covered by the
tripartite contract is the real estate, and as the assign-
ment turns the interpreter of the grant to the attached
tripartite contract for ascertainment of what was com-
prehended in the transaction, the conclusion that every
interest which appellee had in the estate of Zophar C.
Howell passed from him by the assignment is not ten-
able.   Interpreting that paper in the light shed upon it
by the tripartite contract and the preliminary agreement,
in pursuance of which the formal transfer was made, it
cannot successfully be maintained that the remainder

interest of appellee in the share given to Rebecca L. Howell became vested in appellants' decedent.

The decree of the court below is affirmed at appellants' cost.