## GRAY et al. v. DEVERS MERCANTILE CO. (No. 868.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 28, 1922. Rehearing Denied Dec. 6, 1922.)

1. **Frauds, statute of ⬦148(1)—Petition held based on oral guaranty confirmed by a subsequent memorandum.**

A petition to recover the amount due on an account for goods sold, brought against the buyer and the executor of a guarantor of the account, *held* to have been based on an oral guaranty of the account given before the goods were sold, and to plead a subsequent letter of the guarantor only as a memorandum of the previous oral agreement to satisfy the statute.

2. **Frauds, statute of ⬦106(1)—Memorandum to validate previous oral contract must show the actual oral contract made.**

A written memorandum of a previous oral contract, to be sufficient under the statute to validate the agreement, must be the evidence of the oral agreement as actually made and must not add new conditions or relieve the oral contract of any conditions actually made.

3. **Frauds, statute of ⬦106(1)—Subsequent letter held not memorandum of previous oral guaranty.**

A letter written by one who had made a previous oral guaranty of an account to the creditor, in which he stated that he was not inclined to advance the debtor the money to cover the account until he sold the balance of the debtor's crop which he had on hand, was not a memorandum of the previous oral guaranty, since it admitted no present liability and made liability contingent on the sale of the debtor's crop, and was therefore a distinct contract.

4. **Guaranty ⬦87—Judgment must be based on particular agreement pleaded.**

Where the petition was based on an oral contract of guaranty and pleaded a subsequent letter by the guarantor merely as a memorandum of the oral contract, a judgment in favor of the plaintiff, based, not upon the oral guaranty, but upon the new promise contained in the letter, must be reversed as not in conformity with the pleadings, even though plaintiff was entitled to recover in an action on the contract stated in the letter.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Action by the Devers Mercantile Company against J. W. Gray and the independent executors of the estate of Ed Paggi, deceased. Judgment for plaintiff, and the independent executors appeal. Reversed and remanded.

Smith & Jackson, of Beaumont, for appellants.

W. M. Crook, H. C. Cunningham, and J. M. Cormack, all of Beaumont, for appellee.

WALKER, J. This suit was instituted by appellee against J. W. Gray and the independent executors of the estate of Ed Paggi, deceased, on an open account for goods, wares, and merchandise sold and delivered to Gray on the faith of an oral guaranty made by Paggi. Paggi instructed plaintiff to let Gray have whatsoever he needed in the way of supplies, at the same time orally guaranteeing the account. This was in April, 1919. Gray opened his account with appellee in September, 1919, and bought the last items on the account in December, 1919. After allowing all credits, the balance due was $514.95. Appellee alleged:

"The terms of the sale being that said goods were sold on open account and the amounts to be paid as purchase price therefor became due and payable as said goods were delivered by plaintiff. * * * That said Ed Paggi orally requested plaintiff to sell and deliver said goods, wares, and merchandise to defendant Gray, and promised and agreed to be answerable to plaintiff by defendant Gray of the price of the goods, wares, and merchandise."

The trial court found, among other facts:

"(7) On April 5, 1920, the plaintiff discussed the matter with Mr. Paggi, and Mr. Paggi stated orally to Mr. Yarbrough, the manager of plaintiff, that just as soon as he sold Mr. Gray's 1919 rice crop he would see that the bill was paid, and would see that Mr. Gray paid the bill. At that time Mr. Paggi had the rice in his possession for sale.

"(8) On May 1, 1920, the plaintiff sent Mr. Paggi a statement of the account, with a notation indorsed thereon requesting him to take care of it. In answer thereto Mr. Paggi wrote the plaintiff the following letter:

"'Beaumont, Tex., May 5, 1920.

"'Devers Mercantile Co., Devers, Tex.—Gentlemen: I am in receipt of your statement covering Mr. J. W. Gray's account, and note your remarks on same.

"'I have discussed this matter with Mr. Gray, and he is unable to settle this account for the lack of funds and I am not inclined to advance him the money to cover same until we sell the balance of his 1919 crop which we have on hand, and which amounts to about $5,000.00.

"'I can assure you that this account will be protected and think that Mr. Gray will be able to settle same on or before the 15th day of June.

"'Very truly yours,　　　Ed Paggi.'

"On May 5, 1920, Mr. Paggi still had the rice in his hands for sale."

[1] Appellee fully alleged the oral guaranty made before the goods were sold and the execution and delivery of the letter set forth by the trial court in its conclusions of fact, supra. In explanation of its cause of action, appellee says:

"The plaintiff did not plead the letter of Ed Paggi as the guaranty upon which the liability of his estate was predicated, but pleaded that the letter was given 'in order to confirm evidence and renew said oral promises and agreements.' The plaintiff charged the Paggi es-

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tate with liability upon the ground of valid oral guaranties given before the delivery of the goods, and pleaded the letter only as a memorandum of the oral guaranties sufficient to satisfy the provisions of the statute of frauds."

We think appellee has correctly construed its petition, and that it is subject to no other construction. Defendant Gray made no defense. The executors, by exceptions and by plea, urged the statute of frauds against the cause of action as pleaded. On a trial to the court without a jury, judgment was rendered for appellee, from which the independent executors have duly prosecuted this appeal.

[2] Appellee, of course, admits that standing alone the oral guaranty of said Paggi was within the statute of frauds; but, as appears from the construction placed by it on its petition, the letter from Ed Paggi is relied on as being such "a memorandum of the oral guaranty sufficient to satisfy the provisions of the statute of frauds." This is not our construction of the letter. In order to satisfy the statute of frauds, the writing relied on must be a memorandum of the actual contract as made orally. It must embrace the terms of the oral contract sought to be enforced, or, by its own terms, be broad enough to admit evidence of all the terms of the oral contract. That is to say, the memorandum must be the evidence of the oral contract, as actually made, and only such oral evidence can be received as will explain the terms and references contained in the memorandum. It must not add new conditions, nor relieve the oral contract of any of the conditions actually made. If it is not a memorandum of the actual contract made, but is a new contract, then it does not relieve the original contract of the bar of the statute. 27 C. J. 265, § 314. On this proposition, Judge Woolley said, in Kleman v. Anheuser-Busch Brewing Ass'n, 237 Fed. 993, 150 C. C. A. 643:

"It is elementary that the writing must be a memorandum of the contract, for if it states something different from the contract, it manifestly is not a memorandum of the contract, but is a memorandum of something else, and the statute is not satisfied. This principle is amply supported by the authorities, and perhaps is no better stated than by Wood in his work on Frauds, section 345, as follows:

"'In order to make a writing of this character sufficient, it must admit the substance of a previously completed contract between the parties. It cannot be used to make, but only to prove a contract already made; and although it admits the contract, if it annexes conditions to it or otherwise varies it, it has no effect as a memorandum.'

"To the authorities cited in support of this statement, the following may be added: Dale v. Humphrey, 1 Ellis, B. & E. 1014 (E. C. L. R. 96); Fitzmorris v. Bayley, 9 H. L. Cas. 78; Cooper v. Smith, 15 East, 103; Davis v. Shields, 26 Wend. (N. Y.) 341; Title Guaranty & Surety Co. v. Lippincott, 252 Pa. 112, 97 Atl. 201; Paul v. Stackhouse, 38 Pa. 302;

Shively v. Black, 45 Pa. 345; Eilbert v. Finkbeiner, 68 Pa. 243, 8 Am. Rep. 176; Hewes v. Taylor, 70 Pa. 387; Goldsmith v. Stocker, 249 Pa. 180, 94 Atl. 829."

[3] Applying these principles to the facts of this case, we find that the letter makes no reference to the oral contract of guaranty. The account sent Mr. Paggi and the demand for payment to which he referred in the letter offered in evidence did not refer to the prior oral contract, but was only a request that he "take care of it." In response to this request, he made his liability contingent in part on the sale of the rice, and admitted no present liability, while the oral contract, as pleaded, was that the purchase price of the goods became due on delivery thereof. The oral contract, as pleaded, was an unconditional contract. The written contract is one connected with the sale of Gray's rice crop. If any liability exists against the appellants in this case on the letter pleaded by appellee—a point we do not decide—it must be on a new, distinct, and independent promise, based on a new, distinct, and independent consideration. Such was the trial court's construction of the facts of this case. He based his judgment in favor of appellee on the following conclusions of law:                                    '

"By his oral statement set forth in the seventh finding, and his letter set forth in the eighth finding, Mr. Paggi assumed the account of Mr. Gray with the plaintiff, and contracted to pay same out of the proceeds from the sale of Mr. Gray's rice in his hands.

"Mr. Paggi broke his contract with the plaintiff when he failed to sell the rice and pay the account within a reasonable length of time."

[4] By referring to the seventh and eighth conclusions of fact referred to in the conclusions of law copied above, it is noted that the contracts which the trial court enforced, both oral and written, were made long subsequent to the original oral guaranty on which the suit was based. As the judgment of the trial court rests on a contract not pleaded, it has no basis in the record, and must be reversed. There is no controversy as to the terms of the oral contract of guaranty; but the evidence of this contract was excepted to, and appellee concedes that the exceptions are well taken, unless relieved by the letter as pleaded. On our construction of this letter, it is not such a memorandum of the oral agreement as required by the statute. Hence we cannot affirm the trial court's judgment on the theory advanced by appellee.

On our construction of appellee's cause of action, it appears that it cannot have a recovery on the oral contract of guaranty. It follows from this that the testimony of Mr. Yarbrough, secretary and treasurer of appellee, of Mr. Cunningham, one of its stockholders, and of defendant Gray on that issue becomes immaterial, and it is not necessary for us to determine whether such testimony

is within the provisions of article 3690, Vernon's Sayles' Civil Statutes, excluding the testimony of interested parties, in suits by or against executors and administrators.

What we have said disposes of all assignments of error which we can review on the record as made in the trial court.

Reversed and remanded.