## HARCOURT–GREENE CO. v. PENNSYL-VANIA MACARONI CO.

### Clv. No. 6459.

United States District Court
W. D. Pennsylvania.
Feb. 23, 1949.

Veto J. Rich, of Pittsburgh, Pa., for complainant.

Gilbert E. Morcroft, of Pittsburgh, Pa., for respondent.

McVICAR, District Judge.

This is an appeal from a reparation order under the Perishable Agricultural Commodities Act, 7 U.S.C.A. § 499a et seq. The Court, after hearing, makes the following Findings of Fact and Conclusions of Law:

Findings of Fact.

1. Complainant is an individual, Walter L. Harcourt, doing business as Harcourt-Greene Co., whose address is 210 California Street, San Francisco, California.

2. Respondent is a corporation, Pennsylvania Macaroni Co., Inc., whose address. is 2010-12 Penn Avenue, Pittsburgh, Pennsylvania. At all times mentioned in the pleadings, respondent was licensed under the act and is now so licensed.

3. On or about September 5, 1944, complainant sold to respondent, by oral contract confirmed by complainant in writing, in the course of interstate commerce, one carload of California Late Hard White San Juan Garlic, 85% U. S. No. 1, f. o. b. California shipping point, at 26½ cents per pound, "U.S. Department of Agriculture Inspection Certificate final evidence of quality to be attached to draft."

4. On or about September 8, 1944, complainant and respondent agreed to an amendment of the contract, reducing the price of the garlic to 25 cents per pound.

5. In the negotiation of the contract and its subsequent amendment, G. De Stefano & Son, Pittsburgh, Pennsylvania, acted as an agent of both complainant and respondent.

6. On September 9, 1944, complainant shipped to respondent, in car PFE 75263, garlic of the kind and in the quantity called for by the contract, which was tendered to respondent at Pittsburgh, Pennsylvania, and refused by respondent. This garlic graded at least 83% U. S. No. 1, and may have graded higher.

7. Complainant resold the shipment for the net sum of $5,661.47, which, deducted from the reduced contract price to respondent, or $7,435, resulted in a net loss to complainant of $1,773.53, no part of which has been paid by respondent.

8. The informal complaint was filed on September 29, 1944, which was within nine months after the cause of action accrued.

Conclusions of Law.

1. The contract in this case is not enforceable under the applicable section of

the Statute of Frauds. Pennsylvania Act of Assembly of 1915, P.L. 543, 69 P.S. § 42.

2. Judgment should be entered in favor of the respondent.

### Opinion.

 Respondent contends that judgment should be entered in its favor for the following reasons:

"(a) The garlic in said car was not late long-keeping quality.

"(b) The minimum diameter of each bulb in said car was not uniformly of the diameter of 1-½ inches or more.

"(c) That the alleged contract as set forth by Complainant was not enforceable against it by reason of the provisions of the Uniform Sales Act.

"(d) That the garlic shipped by the Complainant did in no event comply with the alleged order of Respondent."

The contention of Respondent as to a, b, and d above are overruled. See Finding of Fact No. 6.

The evidence offered at the trial here was not sufficient to change the Findings of Fact made by the Secretary, or does the evidence justify the finding of additional facts.

The Perishable Agricultural Commodities Act, § 7(c), as amended, 7 U.S.C.A. § 499g(c) states: "(c) * * * The clerk of court shall immediately forward a copy thereof to the Secretary of Agriculture, who shall forthwith prepare, certify, and file in said court a true copy of the Secretary's decision, findings of fact, conclusions, and order in said case, together with copies of the pleadings upon which the case was heard and submitted to the Secretary. Such suit in the district court shall be a trial de novo and shall proceed in all respects like other civil suits for damages, except that the findings of fact and order or orders of the Secretary shall be prima-facie evidence of the facts therein stated. Appellee shall not be liable for costs in said court if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of his costs. Such petition and pleadings certified by the Secretary upon which decision was made by him shall upon filing in the district court constitute the pleadings upon which said trial de novo shall proceed subject to any amendment allowed in that court."

Is the contract enforceable under the Pennsylvania Act of Assembly of 1915, P.L. 543, Section 4, as amended, 69 P.S. § 42, which reads as follows: "A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."?

 The Findings of Fact show that the contract to sell was for goods of a value of $500 or upwards. The buyer did not accept part of said goods and actually receive the same or give something in earnest to bind the contract, or in part payment and there was no note or memorandum or writing of the contract signed by the party to be charged or his agent. I am therefore of the opinion that the contract in this case is not enforceable by reason of the terms of the aforesaid Act. See Mason-Heflin Coal Co. v. Currie et al., 270 Pa. 221, 113 A. 202; Title Guaranty & Surety Co. v. Lippincott, 252 Pa. 112, 97 A. 201.

Let an order for judgment be prepared and submitted in accordance with the foregoing Findings of Fact, Conclusions of Law and this opinion.