## CASEY v. OLDHAM et al.
### No. 6201.

Court of Civil Appeals of Texas.. Amarillo.
Feb. 18; 1952.

Rehearing Denied March 24, 1952.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

Morgan, Culton, Morgan, Britain & White, Amarillo, for appellees.

MARTIN, Justice.

On January 21, 1952, an opinion was rendered herein affirming the judgment of the trial court. Appellant duly filed his motion for rehearing and in such motion, as in the original cause, presents a somewhat unusual proposition. As a basis for recovery of a broker's commission, appellant pleaded a realty sales contract as constituting a written memorandum of his parol brokerage contract. This sales contract was drawn for execution by five persons named as owners but was signed by only two of such named owners. Although only the two parties executing the sales contract could be compelled at law to deliver their undivided interest, appellant seeks to recover from said two parties the full 5 per cent commission on the total sale price of all the ranch on the theory that he had a purchaser who was ready, able and willing to buy the entire ranch.

The principles of law as originally cited in sustaining the trial court's judgment in the cause are relied upon here but a withdrawal of the original opinion and, substitution of the following opinion will more specifically clarify and adjudicate the issues presented by appellant's original points and by his motion for rehearing.

A sales contract was drawn as the joint contract of ranch owners, Marielle H. Oldham, Jack J. H. Oldham, Fred Marshall and Marielle Oldham Slaughter and husband, George Slaughter, and blanks were provided on the contract for the signatures of all five parties as sellers. Only Marielle Oldham and Jack J. H. Oldham signed this sales contract as sellers. The proposed purchaser of the ranch did not sign the contract and Glen L. Casey signed the same merely as brokerage agent. It is alleged that following execution of this contract the Oldhams purchased Fred Marshall's undivided one-half interest. The Slaughters retained their interest in so far as revealed by the record.

The sales contract above mentioned contains the following specific provision as to payment of a commission, "9. Should the buyer fail to consummate this contract according to its terms, except for title defects, the Sellers shall have the right to retain said cash deposit as liquidated damages for breach of this contract, and shall pay to Glen L. Casey, the effective broker

herein, 5% of the total price as commission, or the Sellers may enforce specific performance of this contract, and in the event the sale is consummated, Glen L. Casey will be paid 5% of the total sale price as commission."

Appellant sued appellees for $12,413.50 alleging this sum was 5 per cent of the total sales price of the ranch due him as commission under the provisions of the sale contract hereinabove outlined. Appellant pleaded that he had procured a buyer, Walter B. Mills, who was ready, willing and able to comply with the contract but the defendants (appellees) refused to complete the sale. One condition to recovering the broker's commission is that appellant must bring his parol brokerage agreement within that provision of Article 6573a, Sec. 22, Vernon's Annotated Texas Civil Statutes, as follows: "the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith". Appellant pleaded the sales contract executed by only two of the parties named as sellers as a written memorandum of his parol brokerage contract. No direct authority is cited by appellant on the issue of sufficiency of such sale contract as a memorandum of his parol brokerage contract.

The trial court sustained appellees' motion to dismiss appellant's first amended original petition, and upon appellant's refusal to amend, dismissed the suit. The issue is whether appellant has pleaded a sufficient cause of action under Article 6573a, Sec. 22 and other provisions of the law governing his suit to recover the brokerage commission. A discussion of appellant's two points will follow.

It must be borne in mind that the written sales contract is not the contract sought to be enforced here but the same serves only as a memorandum of the appellant's parol brokerage contract. The issue here is not whether a joint owner signing the sales contract may be compelled to deliver his interest as in Ward v. Walker, Tex. Civ.App., 159 S.W. 320, cited by appellant. This is not a suit between the sellers and the purchaser. This is a suit by a broker on an alleged parol agreement purportedly made with him by two of five parties signing the written sales contract. As cited by appellant, "it is the oral contract that is enforced, and not the memorandum by which such contract is proved." Simpson v. Green, Tex.Com.App., 231 S.W. 375, 378.

Appellant's First point of error is that the trial court erred in dismissing his cause of action in that he had alleged full and complete performance of all conditions precedent to his right to recover the total broker's commission from two of the parties. Under this point, appellant cites and predicates his cause of action on the principle announced in Radford v. McNeny, 129 Tex. 568, 104 S.W.2d 472, by pleading that he had a purchaser who was ready, able and willing to purchase the ranch on the terms specified by the appellees. Although appellant could not complete a sale of all the lands as stipulated in the sales contract, as some of the owners did not execute the contract, he contends that the two signers of the contract are obligated to pay the full commission of 5 per cent on the sale price of all the lands as he had procured a purchaser who was ready, able and willing to purchase all the land.

The parol commission contract was not severable, as hereinafter discussed, but in no event can it be regarded as a sound principle of law, at least no authority is found therefor, that under a contract to sell all of a tract of land for a 5 per cent commission on the full sale price a broker can sell an undivided interest therein and collect the full commission stipulated to be paid for selling all of the land. If it be conceded that appellant can collect a commission for effecting a sale of an interest in the land under his brokerage agreement to sell all the land, at least, he should be permitted to recover his commission only in proportion to the land interest as actually sold.

Further, if the parol brokerage contract, and memorandum thereof, are conceded to be severable whereby the broker may sell only an undivided interest in the land, then, under Radford v. McNeny, supra, and like

authorities cited by appellant, sound principle dictates that appellant must likewise plead that he has a purchaser who. is "ready, able and willing" to accept and pay for only an undivided interest in the ranch. Since delivery of only an undivided interest in the ranch can be compelled at law, appellant has not pleaded a cause of action for any part of the commission by merely pleading that he has a purchaser who is ready, able and willing to accept and pay for all of the ranch. The purchaser might have been ready, able and willing to buy all the ranch, but wholly unready and unwilling to buy only an undivided interest in the ranch. On this phase appellant's pleadings are silent and are insufficient.

█ Under the issue above discussed, in any event, appellant's purchaser must, under settled authority, buy upon the terms fixed by the sellers who could only bind themselves to sell and deliver their undivided interest. English v. William George Realty Co., 55 Tex.Civ.App. 137, 117 S.W. 996, Sec. 5. "A broker employed to find a purchaser or seller is not entitled to a commission where no sale is made, unless the purchaser or seller is able, ready, and willing to take or to sell the property on the terms specified by the principle * * *." Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725, 727; Moss & Raley v. Wren, 102 Tex. 567, 120 S.W. 847, first case.

The contract relied upon as a memorandum provides for payment of a commission of 5 per cent "in the event the sale is consummated." This refers specifically to a sale of the entire tract of land—not just the undivided interest of some of the owners. The broker now contends that although only two of the joint owners who executed the contract, of the five owners who were to execute the contract, could be bound on the same and a sale compelled thereby as to an undivided interest in the land he is entitled to the full commission. His contention is not only contra to the written memorandum and necessarily to the parol contract sought to be removed from the statute of frauds thereby, but is contra to settled authorities in that appellant seeks to enlarge and place in his written memorandum, and thereby in the parol contract, terms clearly not specified by the alleged memorandum. The provision "in the event the sale is consummated" by no legally authorized construction can be construed to read "in the event the sale is consummated in part." Gray v. Devers Mercantile Co., Tex.Civ. App., 245 S.W. 953, 954, Sec. 2. "* * * the memorandum must be the evidence of the oral contract, as actually made, and only such oral evidence can be received as will explain the terms and references contained in the memorandum. It must not add new conditions, nor relieve the oral contract of any of the conditions actually made. If it is not a memorandum of the actual contract made, but is a new contract, then it does not relieve the original contract of the bar of the statute."

Appellant has not pleaded full and complete performance of all conditions precedent to his right to recover a full real estate broker's commission under the rules discussed above. Further, as hereinafter shown, his pleadings fail to plead a sufficient memorandum of his parol brokerage contract which memorandum is also a condition precedent to the recovery of his commission.

Appellant's second point is that he pleaded a sufficient memorandum of the parol brokerage agreement upon which he sues. It may be conceded that the proposed purchaser might force delivery of the undivided interest of each owner who actually signed the sales contract and that such contract, as a realty sales contract, is divisible to that extent as contended by appellant in citing Ward v. Walker, supra, and like authorities. But we must look only to the parol broker's contract and only to the sales contract in so far as it serves as a memorandum of that parol brokerage contract.

Under the applicable rules, the parol brokerage contract, and any memorandum thereof, constituted an entire or indivisible contract. "Ordinarily when one party contracts to do certain work or to

perform certain services, and the other to pay a certain price for the same, the contract is to be regarded as entire". 17 C.J.S., Contracts, § 331, page 786; Stroble v. Tearl, 148 Tex. 146, 221 S.W.2d 556. "Likewise, if there is a single assent to a whole transaction involving several things or kinds of property, a contract is entire; * * *." "Primarily the question of whether a contract is entire or severable is one of intention, to be determined from the language which the parties have used and the subject matter of the agreement." 17 C.J.S., Contracts, §§ 331, 332, pages 786, 787, 788; Frankfurt Finance Co. v. Treadaway, Tex.Civ.App., 159 S.W.2d 514, second case. It is undisputed that the consideration is single—being an agreement to pay a commission of 5 per cent of the total sale price "in the event the sale is consummated." There is no provision for payment of a part of the commission on a sale of an undivided interest in the land or for the payment of all of the commission on a sale of an undivided interest in the land." * * * if the consideration is single, the contract is entire". 17 C.J.S., Contracts, § 334, page 790. The commission was only payable, if we accept the memorandum as pleaded, "in the event the sale is consummated" and we must look only to the memorandum for its terms. Taber v. Pettus Oil & Refining Co., 139 Tex. 395, 162 S.W.2d 959, Sec. 3, 141 A.L.R. 808. The contract is entire and there is no pleading in the cause that the sale was consummated as a condition precedent to collection of the brokerage commission. Wellington Railroad Committee v. Crawford, Tex.Com. App., 216 S.W. 151, Sec. 5. The memorandum "must not add new conditions, nor relieve the oral contract of any of the conditions actually made." Gray v. Devers Mercantile Co., supra. [Tex.Civ.App., 245 S.W. 954.]

An examination of the memorandum in the light of the rules as to determining whether the contract is entire or severable, leads to the sound conclusion that the parol brokerage contract was general or indivisible as was the memorandum thereof. This conclusion is likewise affirmed by an examination of the parol contract and memorandum thereof in the light of Williston on Contracts. For the contract to be scvearable "it is essential not only that the price for a part can be calculated, but that expressly or impliedly there shall be a promise to pay for a part." Williston on Contracts, Vol. 3, p. 2412. "Where the employee under a single contract is to render distinct services but the compensation is not stated, the contract is entire, entitling the employee to payment only on completion of all the service." Williston on Contracts, Vol. 3, pp. 2421, 2422. The rule should not be any less as to a contract in which there is an agreement for payment of a single consideration for the sale of land "in the event the sale is consummated."

The brokerage contract was entire and must fall under the principles and decisions discussed herein. "Where a contract is entire the whole contract stands or falls together." 17 C.J.S., Contracts, § 331, page 788 and Stroble v. Tearl, supra. "As a memorandum stands in the place of the contract and performs its function, when the contract is verbal and only a memorandum is relied upon, it must necessarily be governed by the same rule." Ely v. Phillips, 89 W.Va. 580, 109 S.E. 808, 810.

Under the rules discussed, the appellant having failed to plead performance of the conditions precedent to his right to recover the real estate commission, and failing to plead a sufficient memorandum of his parol brokerage contract, his points one and two are overruled as in the original opinion in the cause, and the judgment of the trial court is affirmed. Under the same rules and authorities, appellant's motion for rehearing is likewise overruled.