## HOWELL et al. v. ELK HILL BUTTER CO.

(District Court, M. D. Pennsylvania. December 31, 1923.)

No. 1426.

1. Frauds, statute of ☞106(1), 116(1, 2)—Memorandum of sale held insufficient.

A memorandum of sale of sugar, in which the terms "basis 22¢" appeared above the words "freight bbls. & cases .252, bags .239," while in its body the words "115 barrels," "fine granulated price 22.239," appeared, and which described the terms of payment as "less 2% cash 7 days," while across the body of the memorandum was stamped "ship sight draft against B/L," which was not signed by the buyer, but by brokers, who made the sale for the seller, held insufficient to comply with Act Pa. May 19, 1915, § 4 (P. L. 543; Pa. St. 1920, § 19652).

2. Frauds, statute of ☞113(2)—Test stated as to sufficiency of memorandum.

Where the memorandum does not state all of the terms of the contract, or omits or states incompletely a single essential element, or merely refers to the contract, without stating its terms, or shows expressly or inferentially that there are terms which it either does not state, or does not clearly and sufficiently state, the memorandum is insufficient to comply with the statute.

3. Brokers ☞103—"O. K." and "confirmed" held to indicate brokers acting for party confirming.

The terms "O. K." and "confirmed," stamped by sellers on brokers' memorandum of a sale, implied that the brokers were acting on behalf of the party that confirmed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Confirm—Confirmation; O. K.]

Action by Frederick H. Howell and others against the Elk Hill Butter Company. On an affidavit of defense, questioning the sufficiency of plaintiff's statement. Judgment entered for defendant.

Knapp, O'Malley, Hill & Harris, of Scranton, Pa., for plaintiff.
Myer Kabatchnick, of Scranton, Pa., for defendant.

WITMER, District Judge. Plaintiffs sued to recover the difference between the market and the contract price of a certain quantity of sugar, which they allege they sold to the defendant, and which the defendant refused to accept. The defendant has filed an affidavit of defense questioning the sufficiency of the plaintiffs' statement on the

ground that the alleged contract which the defendant is said to have, broken or violated is not a legal contract.

[1] The main and only question presented at this time, it appears, is whether the disputed contract is enforceable, in view of section 4 of the Sales Act (Act 1915; P. L. 543; Pa. St. 1920, § 19652), which provides that:.

"A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

In the present case there is no averment of any payment or part performance by the defendant, nor is it claimed that the defendant actually received the merchandise, and hence our inquiry is limited to determining whether it undisputedly appears there was an adequate note or memorandum in writing of the contract or sale signed by the defendant or his agent.

In the memorandum, a copy of which is attached to the plaintiffs' statement, it will be noted that the term "basis 22¢" appears above the words "freight bbls. & cases .252, bags .239," though in the body of the same it stipulates "115 barrels" "fine granulated price 22.239." In the plaintiff's statement an explanation of these terms is proposed, but in Franklin Sugar Refining Co. v. Howell et al., 274 Pa. 200, 118 Atl. 109, where the memorandum relied on by the plaintiff was of similar import, the court held that, where the memorandum does not specify any price to be paid by defendant, but contains the words "basis 22.50" and "price 22.50," these terms were meaningless if taken by themselves, and that in the absence of any reference to any specific thing extraneous transmitting these terms into a certain price per pound, as it was admittedly intended to be indicated, the contract was wanting an important term, that of price of the merchandise bartered for, which could not be ascertained from the paper alone, when its words are given their usual significance.

[2] As much may also be said for the terms of payment. In the memorandum under consideration the words "30 days" are erased and the term "less 2% cash 7 days" left standing. However, across the body of the memorandum is stamped the term "ship sight draft against B/L." Under the former the merchandise was to be shipped on open credit, with 2 per cent. off for cash to be paid in seven days; under the latter term the defendant could not have the same unless the money was paid in advance of the bill of lading. The decision of the case, however, does not rest alone on any one of these matters, important as they may appear. As was said in 27 Corpus Juris, 277, 278:

"The note or memoranda must contain the terms of the contract, together with the conditions, if any. It must show all of the terms of the contract; that is, all essential terms of the contract must be made to appear in the writing. Likewise, all essential conditions of the agreement must be contained in the memoranda. Where essential terms are omitted from the writing, the contract, being partly in parole, is within the statute and there is no sufficient memoranda thereof. A writing is insufficient as a memoranda

where it does not state any (all) of the terms of the contract; where it omits or states incompletely a single essential term; where it merely refers to the contract, without stating its term; or where it shows expressly or inferentially that there are terms which it either does not state, or does not clearly and sufficiently state."

However, the memorandum does not appear signed by the party to be charged or his agent in that behalf. It is signed by Louis B. Henry's Sons, brokers. On its face it purports to be a sale to the Elk Hill Butter Company by B. H. Howell Sons & Co., acting through their brokers, Louis B. Henry's Sons. The memorandum is the form, no doubt, in use by the plaintiffs, in the hands of the broker for the sale of their product. It says, "Sold to the Elk Hill Butter Co." Who made the sale to the Elk Hill Butter Company, if the party signing himself as broker did not do so? The answer is implied from the plain import of the language employed. This conclusion is, furthermore, borne out by the terms, "O. K." and "confirmed," stamped upon it by the plaintiffs on receipt from the hands of the brokers.

[3] If the brokers had not been acting on behalf of the plaintiffs, there would have been nothing to O. K. or confirm. The term implies something done on behalf of the party that confirms. "Confirmare est id firmum facere quod prius infirmum fuit." Bouvier explains the term as follows:

"Where a party, acting for himself or by a previously authorized agent, has attempted to enter into a contract but has done so in an informal and invalid manner, he confirms the act, and this renders it valid, in which case it will take effect as between the parties from the original making."

The case is within the ruling of the Supreme Court in Franklin Sugar Refining Co. v. Kane M. & G. Co., 278 Pa. 110, 122 Atl. 231, and judgment will be entered for the defendant.