# Franklin Sugar Refining Co. *v.* John et al., Appellants.

*Contracts — Sales — Memorandum in writing — Principal and agent—Act of May 19, 1915, P. L. 543.*

1. Where brokers deal on behalf of both seller and purchaser and undertake a joint mission, it must appear, and the memorandum in writing under the Act of May 19, 1915, P. L. 543, must show that they signed for the purchaser, or the contract will not be binding.

2. The necessary memorandum in writing required by the Sales Act of May 19, 1915, P. L. 543, may appear on a separate paper,

if the latter contains a reference to one showing all of the terms of the agreement, and declares thereby an intention of the vendee to be bound.

3. A letter acknowledging the obligation may be sufficient, although of a later date.

4. In such case, however, it must be clear that the subsequent document relates to the previous understanding alleged, on which the suit is based, and admits the making of the contract. If there is merely an indication of an incomplete agreement, it is not enough.

5. Correspondence by which the agreement is referred to may be sufficient, even though accompanied by a disclaimer of responsibility, but, in such case, the fact that an agreement was consummated must clearly appear, its terms be recognized, and the alleged original authenticated. Franklin Sugar Refining Co. v. Egerton, 288 Fed. 698, distinguished.

6. If parties conduct their business in such a way as to use a differential as a schedule or means by which purchase or sale may be carried on, there must be something in the contract of sale or the memorandum expressing the contract, which, by its own language, as interpreted by its trade meaning, leads inevitably to the thing they wish to do, to wit, incorporate the differential in the memorandum of sale.

Argued October 16, 1923. Appeal, No. 142, Oct. T., 1923, by defendants, from judgment of C. P. Allegheny Co., Oct. T., 1921, No. 1585, on verdict for plaintiff, in case of Franklin Sugar Refining Co. v. Simon John et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit for breach of contract to purchase sugar. Before DREW, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for plaintiff for $15,380. Defendants appealed.

*Error assigned* was, inter alia, refusal of judgment n. o. v. for defendants.

*Joseph A. Langfitt,* of *Langfitt & Langfitt,* for appellants.—The written memoranda, together with the oral

testimony offered in connection therewith, are insufficient to constitute a contract enforceable under section 4 of the Sales Act.

The case was for the jury: Frill v. Frill, 275 Pa. 325; Liberman v. Colahan, 267 Pa. 102; Hollis v. Hollis, 254 Pa. 90; Albert v. Transit Co., 252 Pa. 527; Miller v. Ry., 58 Pa. Superior Ct. 558; Swing v. Walker, 27 Pa. Superior Ct. 366; Arnold v. Ins. Co., 22 Pa. Superior Ct. 575; Wills v. Hardcastle, 19 Pa. Superior Ct. 525; Ginder v. Bachman, 8 Pa. Superior Ct. 405; Berkley v. Maurer, 41 Pa. Superior Ct. 171.

The question of agency was clearly a question for the jury and not for the court: Dodd v. Stewart, 276 Pa. 225; Rasche v. Campbell, 276 Pa. 268; Am. Car & Foundry Co. v. Water Co., 218 Pa. 542; Slonecker v. Garrett, 48 Pa. 415; London S. Fund Society v. Bank, 36 Pa. 498.

The memorandum in this case does not meet the requirements of the statute of frauds in price and terms: Soles v. Hickman, 20 Pa. 180; Conrade v. O'Brien, 1 Pa. Superior Ct. 104; Llewellyn v. Coal Co., 242 Pa. 517; Franklin Sugar Refining Co. v. Howell, 274 Pa. 190; Manufacturers L. & H. Co. v. Lamp, 269 Pa. 517; C. Noel Legh. Co. v. Stitzinger & Co., 289 Fed. 1015.

The law in this state is that the goods, wares and merchandise section of the statute of frauds is more than a rule of evidence: Am. Products Co. v. Refining Co., 275 Pa. 332; Mfrs. L. & H. Co. v. Lamp, 269 Pa. 517.


*David A. Reed,* of *Reed, Smith, Shaw & McClay,* with him *Maynard Teall,* for appellee, cited: Warner-Godfrey Co. v. Sheinman, 273 Pa. 105; Electric Reduction Co. v. Steel Co., 276 Pa. 181.


OPINION BY MR. JUSTICE SADLER, January 7, 1924:

The firm of John & Bros. conducts a grocery business, and purchased needed sugar at various times from the plaintiff. Its practice in buying was to apply to the

J. H. Huston Co., a representative of the Refining Company, which here sues, and the former, as selling agent of the latter, had the orders forwarded, accepted, and filled. In three instances, between July 1 and July 15, 1920,—there being at the time difficulty in securing an adequate supply,—the broker made reservations of a number of barrels for subsequent delivery to the defendant. The allotments were evidenced by a writing, not signed by the purchaser, in which the price was fixed on the basis of the value of granulated, and, for other grades, a variable rate was chargeable, though the controlling differential was not expressly set forth therein. This paper, upon its face, showed the merchandise to be "sold by J. H. Huston Co., Inc.," and a copy was furnished to both plaintiff and defendant. The same form was used as referred to in Franklin Sugar Refining Co. v. Howell, 274 Pa. 190, where its contents, and the manner of operation thereunder, are described. A repetition of the details is unnecessary.

This suit was brought, in 1921, to recover damages claimed to have been sustained by reason of the failure of defendant to accept and pay for the number of barrels designated by the three papers mentioned, though demand for reimbursement was later abandoned, in so far as the first so-called order is concerned. The two remaining involved 225 barrels, and a refusal to accept, with a consequent loss to the plaintiff, was charged. The affidavit of defense interposed was held insufficient, and judgment entered for plaintiff, but, on appeal, it was reversed: Franklin Sugar Ref. Co. v. John & Bros., 274 Pa. 205. Later, the pleadings were amended, so as to meet certain objections raised. The existence of a trade custom was averred, explaining the business meaning of the cost terms set forth, which, it had been suggested, were uncertain and indefinite.

Evidence was offered, at the trial which followed, to show the making of the allotment, the refusal to accept the sugar set aside, and pay for it when tendered, to in-

dicate the meaning of the phrase, "price 22.50," and prove the general understanding of this clause by those dealing in the sugar market, as well as the loss suffered by defendant's failure to perform. A verdict for plaintiff was directed for the full amount claimed. Judgment was entered, and from it this appeal is taken, it being contended here that section 4 of the Sales Act of May 19, 1915, P. L. 543, bars a recovery. It provides: "A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." Admittedly, there was no partial delivery or payment on account to take the case without the statute, but plaintiff insists there was a writing signed by the defendant which effected this result and that its requirements were sufficiently met by the proof offered.

The court below, in giving binding instructions for the plaintiff, proceeded on the theory that the Huston Co. was an agent for John & Bros. when the reservation was made, and bound them by its signature to the order given. This conclusion was reached prior to the decision of Franklin Sugar Refining Co. v. Kane Milling Co., 278 Pa. 105, in which the same question was considered, and an opposite view held. An identical paper was then construed, and it is there declared the broker must be treated either as the vendor, or an agent for it, and a reference to what is said in that case will suffice to answer the position here taken. If, therefore, a recovery can now be had against defendant, some other writing must appear, by which it is made evident the party to be charged agreed to purchase on the terms named in the

paper signed by Huston & Co., and on which the present action is based.

It is claimed this was shown by the letters of June 11 and July 16, 1920, wherein John & Bros. acknowledged the receipt of notice of the respective allotments, when considered in connection with the communication of August 4, 1921, in which the plaintiff,—referring to the order numbers,—said: "You have recently withdrawn five barrels of sugar under assortment order 4492 against contract 5599......Are we to understand that you intend to withdraw the 225 barrels now due you?" and the signed reply of defendant, which was as follows: "Referring to yours of August 4th. We will take five barrels of sugar from you every time we buy sugar until contract is completed." Is this a sufficient memorandum by the purchaser, to satisfy the Sales Act?

"As the purpose of the statute is to require a formality of proof in order to make a contract enforceable, not to impose a new rule of law as to what constitutes a valid contract, it is immaterial with what purpose [or in what way, so long as it is signed], the requirement of the statute is fulfilled": 1 Williston on Contracts 1114. The necessary writing may appear on a separate paper, if the latter contains a reference to one showing all of the terms of the agreement, and discloses thereby an intention of the vendee to be bound: Title Guaranty & S. Co. v. Lippincott, 252 Pa. 112; Manufacturers L. & H. Co. v. Lamp, 269 Pa. 517. And a letter acknowledging the obligation may be sufficient (Eilbert v. Finkbeiner, 68 Pa. 243), though of a later date: 1 Williston on Contracts 1141; 27 C. J. 312.

It must be clear, however, that the subsequent document related to the previous understanding alleged, upon which the suit is based, and admits the making of the contract. If there is merely an indication of the existence of an incomplete agreement, it is not enough: Howard & Co. v. Ines, 253 Pa. 593; Llewellyn v. Sunnyside Coal Co., 242 Pa. 517; Soles v. Hickman, 20 Pa.

180. It is true, correspondence by which it is referred to may be sufficient, even though accompanied by a disclaimer of responsibility, but, in such case, the fact that an agreement was consummated must clearly appear, its terms be recognized (27 C. J. 267; Upton Mill Co. v. Baldwin Flour Mills (Minn.), 179 N. W. 904; Wilson v. Lewiston Mill Co., 150 N. Y. 314, 44 N. E. 959), and the alleged original authenticated: 25 R. C. L. 642. It may be noted these essential requirements were present in Franklin Sugar Refining Co. v. Egerton, 288 Fed. 698, now relied on by plaintiff.

Looking at the letters set forth above, we find a writing admitting the fact that sugar had been reserved for the proposed vendee, but no assumption of any liability to receive the amount specified, or any part thereof, or a fixed agreement on terms of payment, if there were any deliveries. In the communication of plaintiff, dated August 4th, reference is made to the "contracts," and, in reply, defendant used the same word, but did not promise to carry out the alleged understanding, or acknowledge any had been entered into. On the contrary, any such thought was negatived when it stated an intention to take five barrels "every time we buy." This is not a ratification, by the party to be charged, of a purchase of the full number named in the Huston orders, at the prices therein fixed. There is no admission of the completion of an agreement as now insisted on,—at most it was a promise to the vendor to purchase sugar from it to an amount not exceeding 225 barrels,— and this being so, the writing cannot be said to satisfy the statute, and hence is not enforceable.

Having reached this conclusion, it becomes unnecessary to consider the second proposition presented in the court below and argued here. An effort was made in this instance to meet the difficulties indicated in the Howell and Kane Milling Company Cases, above referred to, arising from the lack of clearness in the statement of the price as designated in the allotment order. Evidence

was offered to establish the trade meaning of the term used, and to explain the understood effect of the language employed, by proving a custom to apply fixed differentials to the base named, so that the cost of each grade of sugar could be determined. A discussion of the law controlling, under such circumstances, will be found in the opinions of this court, to which attention has already been called, and the thoughts therein expressed need not be repeated or elaborated. It may be observed, however, that when such evidence was produced, depending, as it did here, on oral testimony, the question became one for the jury, and binding instructions could not be given, though the defendant presented no witnesses to contradict the assertions made.

It is not necessary to refer specifically to the assignments of error, since the eighth, directed to the refusal to enter judgment non obstante veredicto, must be sustained.

The judgment is reversed, and here entered for defendant.