# Benjamin Weinroth *v.* Mill End Clothing Co., Inc., Appellant.

*Sales—Act of May 19, 1915, 543 (Sales Act)—Sales over $500—Correspondence—Confirmation.*

A letter written by one who has given an unsigned memorandum of a contract for the sale of certain merchandise, referring to the order and discussing time of delivery, will be considered such a confirmation of the order as to bring it within the provisions of the Sales Act.

Where the correspondence referred to an order as of a certain date, parol evidence was admissible to show the circumstances attending the transaction and the connection between the order and the letter.

Argued October 16, 1924. Appeal, No. 92, Oct. T., 1924, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1921, No. 124, on verdict for plaintiff in the case of Benjamin Weinroth v. Mill End Clothing Com-

pany, Inc. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for breach of contract to deliver. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $613.68, and judgment thereon. Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*Edwin Fischer,* of *Rose and Fischer,* for appellant.— There was not sufficient memorandum of the contract as required by the Sales Act: Franklin Sugar Refining Co. v. Howell, 274 Pa. 190; Soles v. Hickman, 20 Pa. 180; Briggs v. Morris, 244 Pa. 139, 144; Lippincott v. Stringer, 80 Pa. S. C. 162.

*Henry Saxe,* for appellee, cited: United Display Fixture Co. v. Bauman, 183 N. Y. S. 4; Cohen v. Wolgel, 176 N. Y. S. 764; Title Guaranty & Surety Co. v. Lippincott, 252 Pa. 112; Pennsylvania Lubricating Co. v. Wilhelm, 255 Pa. 390.

OPINION BY GAWTHROP, J., November 17, 1924:

Plaintiff got a verdict against defendant in a suit to recover damages for breach of two alleged contracts to deliver merchandise, in one of which the value of the goods ordered exceeded $500. From the judgment entered on the verdict, we have this appeal. At the trial it appeared that on June 21, 1921, an order for two hundred dozen boys' knee pants was given by plaintiff to defendant's duly authorized sales agent, Simon, who reduced it to writing and gave a carbon copy thereof to plaintiff. The sale memorandum was in the following terms:

"MILL END CLOTHING CO.

"Incorporated

"Manufacturing

"MEN'S PANTS AND BOYS' KNICKERBOCKERS

"85 Franklin Street

"New York  June 21 1921

"Order No.

| Sold to | Benjamin Weinroth | | |
|---|---|---|---|
| Address | | 26 S. 3rd St., | |
| Ship via | When | | Phila. Pa. |
| Terms 2/10/60 | Representative | | |

| No. | Quantity | Description | Price |
|---|---|---|---|
| 5019 | 25 Doz. | 8/16 #5019 | 5.50 |
| 5020 | 25 Doz. | 8/16 #5020 | 5.50 |
| 5015 | 25 Doz. | 8/16 #5015 | 5.50 |
| 5013 | 25 Doz. | 8/16 #5013 | 5.50 |
| 2003 | 50 Doz. | 8/16 #2003 | 7.00 |
| 5028 | 50 Doz. | 8/16 #5028 | 7.00 |

"Send 3/12 Doz.  Each style at once

"Deliveries ½ Sept. 1st

"              "      ½ Oct. 1st"

On June 27, 1921, defendant wrote plaintiff a letter stating, inter alia: "We received your order given our Mr. Simon and wish to thank you very much for same. This merchandise is now being cut special for your order and will be shipped as per the instructions given."  On August 8, 1921, plaintiff wrote defendant as follows: "Regarding my order placed with you on June 21st; deliveries September 1st and October 1st, if these goods are ready you may ship same immediately, provided you will date bill in accordance with your order."  Defendant replied on August 15th: "Your letter of the 8th inst. to hand and contents carefully noted.  In reply to same wish to state that we will not be able to make any shipment on your order before September 15th to October 1st.  Kindly let us know if same is satisfactory."  On September 1, 1921, defendant agreed to sell plaintiff

thirty-three dozen pairs of pants for immediate delivery, the price being less than $500. There was no delivery under either of the two orders, except some samples of the different styles of pants described in the first order. It was not alleged that the delivery of the samples constituted a part performance.

The main contention of the learned counsel for defendant is that the alleged contract of June 21, 1921, is unenforceable because of the provisions of the Sales Act of May 19, 1915, P. L. 543, section 4, which provides as follows: "A contract to sell or a sale of any goods or chosés in action of the value of $500 or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually received the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." The original memorandum of sale was not signed by defendant or his agent. Defendant's letter of June 27th does not identify the order of June 21st as the one which it confirms. But parol evidence was admissible to show the circumstances attending the transaction and the connection between the order and the letter: Title G. & S. Co. v. Lippincott, 252 Pa. 112. It is conceded that the parties had no dealings until June 21, 1921; that that was the only transaction between them prior to June 27th, and that the letter of June 27, 1921, could refer only to the order of June 21st. Under the circumstances we cannot say that the letter did not contain sufficient reference to the order to connect them and justify the admission of both. It is unnecessary to decide this question solely upon the order and letter referred to. Defendant's letter of August 15th, written in answer to plaintiff's letter of August 8th, speaking of an order of June 21, refers to the order of June 21st. We are clear that the order and these two letters constituted a memorandum in writing signed by

defendant, which is sufficient to meet the requirements of the statute. The only essential element of the contract which was wanting in the original sales memorandum was the signature of defendant, or his agent. This is supplied by the two letters. It has been held in many cases that the memorandum may consist of more than one document. See Title G. & S. Co. v. Lippincott, supra. It is only necessary that there exist such clear evidence on the face of the papers of a connection between them as to give them the effect of one document: Lippincott v. Stringer, 80 Pa. Superior Ct. 162.

Appellant contends also that the sales memorandum or order of June 21st is incomplete and insufficient because it does not specify the price; that in the original order there was no decimal point in the figures set out in the price column, and that, if the price is $5.50 for a certain item, there is nothing to show that the price is $5.50 per dozen. He insists that this feature of the case is ruled in his favor by Franklin Sugar Refining Co. v. Howell, 274 Pa. 190. The contention as to the effect of the absence of a decimal point is answered by an inspection of the certified record, which shows a ledger ruling between the figures which, in the copy of the order which we have inserted, are separated by decimal points. The argument that there is nothing to show that the price was "per dozen" has no more merit. The normal meaning of "25 doz., price 5.50" would be twenty-five dozen at $5.50 per dozen. It is not contended that it meant anything else. The case is distinguishable from the Franklin Sugar Refining Company case. There the sales memorandum did not specify the price.

We deem it unnecessary to discuss the last question raised, namely, whether it was error for the court below to refuse to withdraw a juror. We have examined the assignments raising that question and find that they are without merit.

All of the assignments of error are overruled, and the judgment is affirmed.