## HOWELL et al. v. WITMAN–SCHWARTZ CORPORATION.

(Circuit Court of Appeals, Third Circuit. September 11, 1925.)

No. 3267.

1. **Frauds, statute of ⊗⟹115(1)—Memorandum, and not contract, required to be signed by party to be charged.**

It is not the contract of sale of goods of $500 value, but a "note or memorandum" thereof, which, under Sales Act Pa. May 19, 1915, § 4 (P. L. 543; Pa. St. 1920, § 19652), must be signed by the party to be charged.

2. **Frauds, statute of ⊗⟹118(2)—Contract may be made part of memorandum by internal reference.**

Within Sales Act Pa. May 19, 1915, § 4 (P. L. 543; Pa. St. 1920, § 19652), requiring memorandum of contract of sales of goods of $500 value to be signed by party to be charged, unsigned contract may be so referred to in letter or paper signed by him as to incorporate it therein by internal reference.

3. **Frauds, statute of ⊗⟹118(2)—When letter of party to be charged, though disclaiming responsibility, incorporates unsigned contract by internal reference, stated.**

Letter of party to be charged will incorporate his unsigned contract by internal reference and bind him, under Sales Act Pa. May 19, 1915, § 4 (P. L. 543; Pa. St. 1920, 19652), though he therein disclaims responsibility, if fact of consummated agreement appears therein and its terms are recognized.

4. **Frauds, statute of ⊗⟹118(2)—Letters of buyer held clear recognition and adoption of terms of contract and acknowledgment of being bound thereby.**

Relative to memorandum of contract of sale of goods of $500 value, being signed by party to be charged, as required by Sales Act Pa. May 19, 1915, § 4 (P. L. 543; Pa. St. 1920, § 19652), his letter to the seller asking cancellation of this car of sugar or no shipment till advised, and "return contract with your reply," referring to the contract in question, which alone was inclosed in his letter, *held* clear recognition and adoption of terms of contract unsigned by him, and acknowledgment of being bound thereby.

5. **Courts ⊗⟹366(1)—Decision of state court as to adequacy of memorandum of sale contract followed.**

Decisions of Pennsylvania Supreme Court that certain instruments did not constitute complete memorandum of contract of sale, required by its statute to be signed by party to be charged, are law of state, and must be followed by federal courts.

6. **Courts ⊗⟹372(1)—Decision of state court followed, where no federal question and law is not general, but has become established in state.**

When no federal question is involved, and the law, common or statutory, under consideration, is not general, and has become established as part of law of state, federal court will follow decisions of state court of last resort.

7. **Frauds, statute of ⊗⟹113(3)—Memorandum of sale held to contain all essential terms of contract of sale.**

Memorandum of contract of sale of sugar, signed by party to be charged, incorporating contract by reference, *held* to contain all essential terms of contract, so as to satisfy Sales Act Pa. May 19, 1915, § 4 (P. L. 543; Pa. St. 1920, § 19652); it giving names of parties, subject-matter, price, terms of payment, and method of delivery, and performance in a reasonable time being implied, and considered as incorporated in the contract.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Action by Frederick H. Howell and others, partners as B. H. Howell, Son & Co., against the Witman-Schwartz Corporation. Judgment for defendant, and plaintiffs bring error. Reversed, and new trial granted.

Knapp, O'Malley, Hill & Harris, of Scranton, Pa. (John S. Keith, of New York City, and Walter L. Hill, of Scranton, Pa., of counsel), for plaintiffs in error.

Arthur H. Hull and E. E. Beidleman, both of Harrisburg, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. The plaintiffs, at the time of the transaction which resulted in this litigation, were sugar brokers doing business in the city of New York, and the defendant was a wholesale grocer engaged in business at Harrisburg, Pa. The plaintiffs, on or about July 9, 1920, sold defendant 360 bags and 200 cases of fine granulated sugar. The price fell, and the defendant refused to accept the sugar. Plaintiffs, on account of diversity of citizenship, brought suit in the District Court for breach of contract, and claimed as damages the difference between the contract price and the market price of the sugar at the time of the breach.

The learned District Judge directed the entry of a nonsuit, on the ground that the contract of sale was illegal and unenforceable, because it did not comply with section 4 of the Sales Act of Pennsylvania of May 19, 1915 (P. L. 543; Pa. St. 1920, § 19652), usually referred to as the statute of frauds. This provides that a contract for the sale of goods of the value of $500 or over shall not be enforceable "unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." He held that there was no adequate note or memorandum in

writing signed by the party to be charged or his agent. In so doing he relied on his opinion in the case of Howell et al. v. Elk Hill Butter Co. (D. C.) 294 F. 539. This case was based on Franklin Sugar Refining Co. v. Howell et al., 274 Pa. 190, 118 A. 109 and Franklin Sugar Refining Co. v. Kane Milling & Grocery Co., 278 Pa. 105, 122 A. 231, 29 A. L. R. 1213. It was held in these cases that there was not a complete note or memorandum in writing, signed by the party to be charged or his agent in that behalf, and that the contract did not specify the price.

Admittedly the defendant in this case did not sign the order itself constituting the contract of sale. It was signed by Fred. B. Townsend Brokerage Co., brokers. If this were all, it might be necessary to show that the Townsend Brokerage Company was the agent of defendant. This might be done; but it is unnecessary, for defendant wrote and signed two letters referring to the contract. On July 27, 1920, it wrote plaintiff as follows: "If possible cancel this car sugar, or if you cannot do this do not ship until last half August. We are loaded with sugar for some time and cannot take it now. Please return contract with your reply." On August 11, 1920, defendant again wrote plaintiff saying: "Don't ship any sugar until we advise you, we have more now than we can finance."

[1-3] While the "note or memorandum" must be signed by the party charged, the instrument itself need not be signed. The contract may be so referred to in a letter or paper signed by the party to be charged as to incorporate it therein by internal reference. Title Guarantee & Surety Co. v. Lippincott, 252 Pa. 112, 97 A. 201; Franklin Sugar Refining Co. v. Howell et al., 274 Pa. 190, 194, 118 A. 109; Northwestern Consol. Milling Co. v. Rosenberg (C. C. A.) 287 F. 785; Beckwith v. Talbot, 95 U. S. 289, 292, 24 L. Ed. 496; Ryan v. United States, 136 U. S. 68, 83, 10 S. Ct. 913, 34 L. Ed. 447. A letter will incorporate the unsigned contract by internal reference, and bind the defendant, even though he therein disclaims responsibility, if the fact of the consummated agreement appears therein and its terms are recognized. Franklin Sugar Refining Co. v. John, 279 Pa. 104, 110, 123 A. 685; Franklin Sugar Refining Co. v. Egerton (C. C. A.) 288 F. 698, 702.

[4-6] The words, "Please return contract with your reply," refer to the contract of sale in question which was inclosed in the letter and was the only enclosure in it. The directions to "Cancel this car sugar. Don't ship any sugar until we advise you"—refer to the sugar embraced in this contract, for plaintiff did not have any other order for the delivery of sugar to defendant. These letters are the clear recognition and adoption of the terms of the contract and the acknowledgment by defendant that it was bound thereby. The decision in the cases of Howell et al. v. Elk Hill Butter Co., and Sugar Refining Co. v. Kane, supra, on which the learned District · Judge relied, are the law of Pennsylvania, and we must follow them, for the general rule of law is that, when no federal question is involved and when the law, common or statutory, under consideration, is not general, and has become established as a part of the law of the state, a federal court will follow the decisions of the state court of last resort. Snare & Triest Co. v. Friedman, 169 F. 1, 94 C. C. A. 369, 40 L. R. A. (N. S.) 367 (certiorari denied, 214 U. S. 518, 29 S. Ct. 700, 53 L. Ed. 1065); Public Service Co. v. Wursthorn et al. (C. C. A.) 278 F. 408; George N. Berlet, Receiver of the Globe Silk Mills, v. Lehigh Valley Silk Mills (C. C. A.) 287 F. 769.

But the facts in this case are very different from the facts in those Pennsylvania cases and the error in the opinion below resulted from the failure to recognize that difference. The contract in those cases did not specify any definite quantity, quality, or package of sugar. The buyer had the option to select any one or more of 40 different kinds, qualities, or packages of sugar of different weights and prices in accordance with a printed list kept by the plaintiff at its office and not made a part of the contract. In those cases the court was dealing with the "basis," and not the actual price set out in the contract. But here we have the definite quantity and quality of the sugar and the price all specified in the contract. These facts take the case out of the reasoning of those cases and bring it within the reasoning of Franklin Sugar Refining Co. v. Egerton (C. C. A.) 288 F. 698.

[7] The next and final question is whether or not the memorandum of sale contains all the essential terms of a contract that satisfies the requirements of the Sales Act of Pennsylvania. It contains the names of the parties in the words: "B. H. Howell, Sons & Co., sold to Witman-Schwartz Corp.; address Harrisburg, Pa." It describes the sugar as 360 bags of fine granulated sugar,

each bag containing 4 cotton sacks of 25 pounds each, and 200 cases of fine granulated sugar, each case containing 120 pounds, packed in 60 pasteboard boxes of 2 pounds each.

The price is definitely stated: 160 bags at 22[186]; 200 bags at 22[386]; 200 cases at 22[596]. The figures "22" mean, according to the allegations and admissions of the pleadings, 22 cents per pound. The evidence showed that the differentials, making the additions to the 22 cents, were for freight, and were added by plaintiffs who were to prepay it, as the sugar was sold f. o. b. the refinery at New York. But, as the contract was breached and the sugar was not shipped, the freight was not included in the damages demanded. The suit, therefore, is for exactly the amount and price of the sugar specified in the contract when signed by defendant.

The terms of payment were clearly set out. They were "30 days less 2 per cent. cash 7 days." The method of delivery: "Routing via Lehigh Valley c/o P. & R. R. R. * * * Delivery complete on receipt of goods by carrier." The contract order is dated July 9, 1920, but is silent as to the time of shipment or delivery. Where the contract does not specify any time of shipment or delivery, the law implies performance within a reasonable time, and those provisions are considered as incorporated in the contract, and so the failure to specify the date of shipment or delivery does not vitiate a contract under the statute of frauds. 1 Williston on Sales (2d Ed.) 190; Allegheny Valley Brick Co. v. C. W. Raymond Co., 219 F. 477, 135 C. C. A. 189; Pond Creek Mill & Elevator Co. v. Clark (C. C. A.) 270 F. 482, 485; Minneapolis Gaslight Co. v. Kerr Murray Manufacturing Co., 122 U. S. 300, 7 S. Ct. 1187, 30 L. Ed. 1190.

These terms, the names of the buyer and seller, the description of the subject-matter of the contract, the price, the terms of payment, and the method of delivery, are all the essential terms of a contract of sale, and comply with the requirements of the Sales Act of Pennsylvania.

The contract of sale in the case before us is similar to that in the case of Franklin Sugar Refining Co. v. Egerton, supra. The contract in the case at bar, however, specifies the price, while that one mentions only the "basis." Mr. Justice Sadler, speaking for the Supreme Court of Pennsylvania in the case of Franklin Sugar Refining Co. v. John, supra, discussed the incorporation of a signature by internal reference. He said

that the subsequent document must relate to the previous one, and admit the making of the contract, which must be consummated and its terms recognized. He then added: "It may be noted these essential requirements were present in Franklin Sugar Refining Co. v. Egerton [C. C. A.] 288 F. 698." Consequently the contract before us contains all the essential terms, is complete, and was signed and breached.

The judgment of the District Court is reversed, and a new trial granted.