## Stein, Appellant *v.* Camden Fibre Mills, Inc.

Argued March 10, 1942. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Benjamin Ludlow,* with him *Eliot B. Thomas* and *Walter Stein,* for appellant.

*Harry Shapiro,* with him *Wm. B. Rudenko,* for appellee.

OPINION BY BALDRIGE, J., April 15, 1942:

The plaintiff brought an action of assumpsit to recover the sum of $1571.04 with interest from July 1, 1940. In his statement of claim he alleged that he is the assignee of Chung Shing Company of Shanghai, China, of all its claims against the defendant by virtue of an agreement wherein that company consented to sell, and the defendant agreed to buy, 300 bales of cotton. A written memorandum addressed to defendant dated February 16, 1940, "Contract No. 6135," attached to the plaintiff's claim, states that it is confirming the sale of 100 bales of "Picker Waste" (cotton) known as type #1072, the price thereof being $4.50 per 100 pounds and 200 bales of type #1073 at the rate of $3.50 per 100 pounds. Included therein is the following provision: "100% irrevocable Letter of Credit at 90 days sight, to be opened by cable on or before March 30th, 1940 . . . . . . The right is reserved to cancel this order if letter of credit should not be opened as specified." There is a space at the end of this memorandum marked "Accepted" with a line for a signature. Concededly the memorandum was not signed by defendant.

The plaintiff averred that the defendant acknowledged this memorandum in writing in a letter to A. W.

Fenton Company of New York, dated July 8, 1940, which reads as follows:

"Gentlemen:

Please be advised that the Steamer M/V Sanuki Maru is due to arrive on or about July 11th. There are 200 bales of #1073 Picker Waste on this boat consigned to Camden Fibre Mills Inc.

At the present time we are without documents on this shipment due to the fact that we are going to open up a domestic Letter of Credit after we have examined this shipment ...... The name of the shipper is the Chung Shing Company, 215 Szechuen Road, Shanghai, China. This shipment is purchased in American dollars per their contract dated 2/16/40, Number 6135.

Kindly acknowledge receipt of this letter, and be on the look-out for this merchandise, so that proper clearance can be made.

Yours very truly,.<br>CAMDEN FIBRE MILLS INC.<br>J. Giberson

JG*RB"

The plaintiff averred further that notwithstanding this purchase, defendant refused to open a letter of credit or accept delivery of the 200 bales of type #1073 Picker Waste when they arrived in New York on July 12, 1940; and that after notice to defendant the 200 bales aforesaid were sold in the open market and as a result of its breach of the contract the plaintiff sustained a financial loss which he now seeks to recover. There was no averment respecting the delivery or the readiness to deliver the 100 bales of type #1072 Picker Waste.

The legal question raised in the affidavit of defense, to wit, that the statement of claim was an insufficient compliance with the Sales Act of May 19, 1915, §4, P. L. 543, as amended by the Act of April 27, 1925, P. L. 310, §2, 69 PS §42, was sustained by the learned court below. Hence this appeal.

This claim is not enforceable unless the statutory requirements have been observed: *Mason-Heflin Coal Co. v. Currie et al.,* 270 Pa. 221, 113 A. 202. Section 4 of the Act of 1915, supra, provides, inter alia, as follows: "A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods ...... or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." The demands of the statute may be met where the memorandum is made up of several papers, bearing internal reference to one another, which together furnish non-conflicting and essential terms of a contract: *Title Guaranty & Surety Co. v. Lippincott,* 252 Pa. 112, 97 A. 201.

A memorandum which merely recognizes that there is a contract does not satisfy the requirements of the statute: *Manufacturers Light and Heat Company v. Lamp et al.,* 269 Pa. 517, 112 A. 679. The note or memorandum must contain all essential terms of the contract, so that it will not be necessary to supply any omissions by parol. If these requisites are omitted from the writing, the contract, being partly in parol, does not comply with the statute and there is no sufficient memorandum thereof: *Franklin Sugar Refining Company v. Howell,* 274 Pa. 190, 118 A. 109; *Vitro Mfg. Co. v. Standard Chemical Co.,* 291 Pa. 85, 139 A. 615.

The counsel for the plaintiff argues that as the letter of July 8, 1940, written by the defendant to a third party, refers to the writing dated February 16, 1940, No. 6135, it was incorporated therein and thus all the terms of a contract appear in writing and are confirmed. We cannot accept that contention. It will be observed that the memorandum, which, as we have seen, the defendant did not execute, refers to the purchase of a total of 300 bales of "Picker Waste," and the letter mentions but 200 bales. The memorandum

calls for a 100% irrevocable letter of credit at 90 days sight to be opened by cable on or before March 30, 1940, which was before the shipment would leave Shanghai, in either April or May 1940. The letter of July 8, on the other hand, refers to opening of a domestic letter of credit after an examination by defendant of the merchandise. The terms of the alleged contract, relating to the letter of credit, which were to be performed by the defendant prior to the letter sent to Fenton and Company, were not then fulfilled. It is quite obvious, therefore, as the lower court stated, that the letter containing different and conflicting terms than those in the memorandum, was not intended by defendant as affirmance of the terms of the original writing.

These two inconsistent writings, therefore, cannot be said to constitute a binding contract with definite terms leaving none to be supplied by parol evidence. "There must be no substantial inconsistency between a signed document and another document incorporated in it by reference." 27 C. J. 262, §309. *Briggs et al. v. Logan Iron & Steel Company*, 276 Pa. 326, 120 A. 280; *Franklin Sugar Refining Company v. John et al.*, 279 Pa. 104, 123 A. 685; and *Benjamin Weinroth v. Mill End Clothing Company, Inc.*, 84 Pa. Superior Ct. 107, do not in our judgment, in view of the facts before us, support the contention of appellant.

We are of the opinion that a failure to comply with legislative requirements deprives this plaintiff of the right to recover. The learned court below correctly held that the plaintiff's statement of claim is barred by the Statute of Frauds, and properly sustained the questions of law raised by the affidavit of defense.

Judgment is affirmed.