## Sall et al., Appellants, *v.* Mueller Brass Company.

Argued January 7, 1949. Before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE and JONES, JJ.

*Abraham L. Freedman,* with him *Bernard Eskin* and *Wolf, Block, Schorr & Solis-Cohen,* for appellants.

*Gilbert W. Oswald,* with him *Wm. A. Schnader,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 11, 1949:

The question presented is whether or not, in a proceeding of foreign attachment in assumpsit, the averments in plaintiffs' complaint come within the provisions of Section 4 of the Pennsylvania Sales Act of May 19, 1915, P. L. 543; 69 PS, 42 which provides as follows: *"A contract to sell or a sale of any goods . . . shall not be enforceable by action unless . . . some note or memorandum in writing of the contract or sale be signed by the party to be charged. . . ."* The court below sustained preliminary objections to the complaint in the nature of a demurrer. This appeal followed.

Plaintiffs aver in their complaint that they *orally* agreed to sell and defendant agreed to buy a quantity of brass primers (scrap) at a set price; that at the same time, plaintiffs orally agreed to purchase from defendant a like amount of brass rod; and that the brass primers were shipped to defendant but defendant refused to accept them. This action in assumpsit was instituted for breach of contract. In their complaint, plaintiffs rely upon one letter and two telegrams to bring themselves within the requirements of the

Statute. One is a telegram dated June 2, 1947, sent by the *plaintiffs* to defendant, which reads: "Your Mr. Parker did not call today. Please enter our order as per our conversation. We sell you approximately 85 tons primers at 14½¢ shipping. We to take back like amount of rod at your *current carload price* delivered our plant. (Plaintiffs)" (emphasis supplied). A letter dated June 13, 1947, sent by *plaintiffs* to defendant reads: "This will confirm the arrangement we made with your Mr. Lewis whereby we are to ship you approximately 170,000 pounds of primers for which your company is to pay us 14½¢ per pound shipping point, and we in turn are to receive from you a like amount of brass rod free machining *at the distributor's price delivered.* . . . Yours very truly, (Plaintiffs)." (emphasis supplied). On June 16, 1947, *defendant* sent plaintiffs the following telegram: "Railroad report car scrap arrived this morning we cannot accept car until complete details and order for brass rod have been received by sales department. (Defendant)."

Defendant contends in its preliminary objection that the complaint was founded upon an alleged oral contract to sell goods without a written note or memorandum thereof as required by Section 4 of the Sales Act, supra.

Judge CRUMLISH, who wrote the opinion of the court below, correctly laid aside plaintiffs' telegram of June 2 and letter of June 13 because they constituted no part of a note or memorandum in writing *"signed by the party to be charged",* viz: the *defendant.* The court held that the telegram of June 16 was the *only* writing signed by *defendant* and neither it nor the other two writings bore any connecting internal reference one to the other. The first two papers are merely statements by *plaintiffs* —not by *defendant.* Even if an undisclosed but actual relation was orally proven to have existed between the three papers, nevertheless the writings themselves do not

establish that *defendant* signed any note or memorandum evidencing the existence of an oral agreement.

In *Brister & Koester Lumber Corporation v. American Lumber Corporation,* 356 Pa. 33, 50 A. 2d 672, Mr. Justice JONES said, p. 39: "The required memorandum for such purposes need not be a single writing, entire within itself; it may consist of several writings; and, if they bear connecting reference one to the other or have even an undisclosed but actual relation, which oral evidence may be used to show, they may be sufficient, when taken together, to supply the statute's requirement for a writing: *Manufacturers Light & Heat Co. v. Lamp,* 269 Pa. 517, 520, 112 A. 679. See also *Title Guaranty & Surety Co. v. Lippincott,* 252 Pa. 112, 117, 97 A. 201."

But even regarding the two telegrams and one letter as a single document, they still are not sufficient to constitute a memorandum under the statement of the alleged oral contract. In *Brister & Koester Lumber Corporation v. American Lumber Corporation,* supra, p. 39, it was also said: "*. . . whether the memorandum relied upon is a single document or consists of several related or connected writings, the complete terms of a valid contract must be ascertainable therefrom with certainty and there must also be disclosed therein an intention on the part of the vendee to be bound by the asserted contract.*" (emphasis supplied). See also: *Manufacturers Light & Heat Co. v. Lamp et al.,* 269 Pa. 517, 520, 112 A. 679; *Franklin Sugar Refining Co. v. Howell,* 274 Pa. 190, 200, 118 A. 109; *Franklin Sugar Refining Co. v. John et al.,* 279 Pa. 104, 109, 123 A. 685; *Vitro Manufacturing Co. v. Standard Chemical Co.,* 291 Pa. 85, 95, 139 A. 615; *Lippincott v. Stringer,* 80 Pa. Superior Ct. 162, 166; *Stein v. Camden Fibre Mills, Inc.,* 148 Pa. Superior Ct. 348, 351, 25 A. 2d 741. A mere indication of an *incomplete agreement* is not sufficient: *Franklin Sugar Refining Co. v. John et al.,* supra, p. 109;

*Brister & Koester Lumber Corporation v. American Lumber Corporation,* supra, p. 40.

The terms of the alleged oral agreement are not ascertainable from the letters and telegrams. In plaintiffs' telegram of June 2, 1947, one of the alleged terms of the oral contract is stated in these words: "We to take back like amount of rod at your *current carload price* delivered our plant." (emphasis supplied). In plaintiffs' letter of June 13, 1947, are these words: ". . . we in turn are to receive from you a like amount of brass rod free machining *at the distributor's price* delivered." (emphasis supplied). Thus there are inconsistencies *in plaintiffs' own letters* which give rise to incomplete and uncertain terms in the purported contract. These writings disclose no intention on the part of the defendant to be bound by the asserted oral contract.

The telegram of June 16, 1947, is the only writing *signed by defendant.* No words in this telegram indicate that defendant intended to be bound by the oral contract alleged by plaintiffs. Nor can we find any words in any of the writings to show that *defendant* admits the existence of the alleged oral agreement. On the contrary, defendant by its telegram inferentially negatived the existence of any purported agreement "until complete details and order for brass rod have been received by sales department."

Plaintiffs' contention that the contract relating to scrap is severable lacks merit. If the alleged oral agreement is treated as entire, and one part is outside the Statute, the whole contract is unenforceable: *Byrne's Estate,* 122 Pa. Superior Ct. 413, 186 A. 187. If it is treated as severable, nothing in *defendant's* telegram indicates an intent to be bound.

We have treated this appeal as from the judgment entered on the date on which it was actually entered and not from the *nunc pro tunc* date.

The judgment is affirmed.