North Jersey Sales and Construction Co. *v.* Emerman Erie Steel Co., Inc., Appellant.

Argued April 13, 1951. Before RHODES, P. J., HIRT, RENO, DITHRCH, ROSS, ARNOLD and GUNTHER, JJ.

*S. Baker*, with him *English & Baker*, for appellant.

*William W. Knox*, with him *Wayne A. Gleeten*, for appellee.

OPINION BY GUNTHER, J., July 19, 1951:

The plaintiff, appellee, brought an action in assumpsit in which it sought to recover the sum of $3,862.10, representing the purchase price of a quantity of steel sold and delivered to defendant. The defendant, appellant, admitted plaintiff's claim, but counterclaimed seeking damages for loss of profits in the amount of $1,550.55 on an oral contract. Judgment was entered in favor of appellee for $2,311.55, that being the amount admitted by appellant as due and owing by reason of the first transaction. Preliminary objections in the nature of a demurrer were filed to the counterclaim on the ground that the alleged oral contract was unenforceable because of the Statute of Frauds. By stipulation of counsel, the matter was submitted to the court below to dispose of the case on the pleadings[1] and the court below entered judgment for appellee in the amount of $1,550.55 plus interest.

Appellant's counterclaim was based upon certain alleged memoranda consisting of letters and telegrams which, it contends, when taken together were sufficient to remove the contract from the Statute of Frauds.

---

[1] The stipulation was designed to avoid the procedural question of whether the Statute of Frauds must be pleaded under New Matter pursuant to R. C. P. No. 1030, rather than by way of preliminary objections.

The Sales Act[2] applies to sales of personalty where the amount involved exceeds $500.00, and directs that such transaction shall not be enforceable ". . . unless some note or memorandum in writing of the contract of sale be signed by the party to be charged, or his agent, in that behalf." The memoranda, which appellant argues satisfy the provisions of The Sales Act, consist of four communications sent by appellee to appellant between October 11, 1948, and January 22, 1949, and appellant's purchase order dated October 11, 1948, sent to appellee.

Appellant's purchase order may be disposed of summarily for the reason that it is signed only by the purchaser; it was never signed by appellee. On January 11, 1949, appellee wrote a letter to appellant, yet it is vital to observe that this letter does not contain any reference to the terms of the contract such as price, date and place of delivery or nature of the merchandise. The same is true concerning two telegrams sent by appellee on January 14, 1949, to appellant. They do not contain any essential terms of the contract as to size of goods, price, date and place of delivery. The final memorandum relied upon by appellant is a letter from appellee dated January 22, 1949. It is true that this letter makes reference to the quantity and description of the goods sold, but other vitally important terms relative to price and delivery date are lacking.

To satisfy the requirements of the Statute, the signed, written memoranda must either contain, or together with other writings adopted by reference, must disclose all of the essential elements of the alleged contract, and if any of such essentials are missing or incompletely stated, the memoranda are insufficient.

---

[2] Act of May 19, 1915, P. L. 543, §4, as amended by Act of April 27, 1925, P. L. 310, 69 PS §42.

*Sall v. Mueller Brass Co.,* 361 Pa. 449, 65 A. 2d 236; *Vitro Manufacturing Co. v. Standard Chemical Co.,* 291 Pa. 85, 95, 139 A. 615; *Franklin Sugar Refining Co. v. Howell,* 274 Pa. 190, 200, 118 A. 109. The memoranda relied upon, taken together, do not establish the existence of an enforceable contract; they have no reference one to another; are not only vague and indefinite, but without any specific reference to prices or terms. "In order that a contract may be enforceable, its terms must be certain and explicit, not vague or indefinite." *Potter v. Leitenberger Machine Co.,* 166 Pa. Superior Ct. 31,     A. 2d     .

Judgment affirmed.