ANTONIO GARCÍA GÓMEZ, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

*Número:* 603     *Resuelto:* 1 de marzo de 1963

Antonio García Gómez, *pro se. Luis E. Gandía Argüelles* y *Enrique González,* abogados del recurrente; *Donald R. Dexter* y *Carmen Ana Archeval,* abogados del Administrador del Fondo del Seguro del Estado.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: En 25 de marzo de 1960 el recurrente sufrió lesiones por las cuales la Comisión Industrial le adjudicó incapacidades parciales del brazo izquierdo y del oído izquierdo y le concedió la suma máxima que entonces proveía la Ley de Compensaciones por Accidentes del Trabajo para incapacidades parciales, o sea, $4,000.00.

El recurrente alega que tiene derecho a una compensación de $4,660.00 por entender que ese máximo que proveía la ley es por lesión y no por accidente o caso. No tiene razón; la

ley establece una Tabla de Compensaciones, que incluye las lesiones sufridas por el recurrente (lesión en un brazo y pérdida de la audición) pero establece que "en ningún caso se pagará una suma mayor de $4,000.00." Ley Núm. 94 de 22 de junio de 1957, Leyes de ese año, págs. 472, 478.

Expresa la Comisión Industrial en su Resolución de 21 de abril de 1961 lo siguiente: "Simpatizamos con el punto de vista del obrero pero siendo la letra de la ley clara no debemos menospreciarla para darle una interpretación especial en este caso. Habiendo recibido el obrero la cantidad máxima que determina la ley, no podrá recibir una suma mayor que la que le fué asignada." Igual es nuestro sentir. Nótese que mediante la Ley Núm. 101 de 24 de junio de 1960 ese máximo para incapacidades parciales permanentes fué elevado a $6,000.00 por la Asamblea Legislativa y así rige en el presente. 11 L.P.R.A. sec. 3(3).

■ En casos de varias lesiones ocurridas en un accidente o acto el empleado lesionado tiene derecho a que la compensación se le compute en la forma más beneficiosa para él pero cuando la ley establece una suma máxima no tiene derecho a una cantidad mayor que la suma máxima especificada en la ley. *Rivard* v. *McElwain Co.*, 58 A.2d 501, 503, (1948); *Ingram* v. *Rainey*, 193 Atl. 335, 338 (1937); *Stein* v. *Camden Fibre Mills*, 25 A.2d 741, 744 (1942); *Hanson* v. *Hayes*, 29 N.W.2d 743, 748 (1947); 11 Schneider, *Workmen's Compensation Law*, 3rd ed., sec. 2324(b), p. 583; Simonin, *Medicina Legal Judicial*, tr. española (1962), Editorial Jims, Barcelona, p. 304; 2 Larson, *Workmen's Compensation Law*, sec. 59.43, p. 69.

■ En casos de seguros establecidos por ley, cuando es necesario interpretarlos, debe prevalecer la intención legislativa. *United States Insurance Co.* v. *Boyer*, 269 S.W.2d 340 (1954); *Home Insurance Co.* v. *Cox*, 269 S.W.2d 343 (1954); 1 Couch, *On Insurance* 2d, pág. 642. Para discusiones que arrojan luz sobre la intención legislativa en cuanto

a esa institución y sobre la preocupación legislativa de no llevar al Fondo del Seguro del Estado a una situación económica peligrosa por exceso de liberalidad, véase el intercambio de impresiones celebrado entre los Senadores Carrasquillo y Concepción de Gracia con motivo de las enmiendas de ese año, *Diario de Sesiones de la Asamblea Legislativa de Puerto Rico*, Vol. 13 (1960), pp. 1862–1864.

*Se confirmarán las resoluciones de la Comisión Industrial de Puerto Rico de 21 de abril de 1961 y de 9 de mayo de 1961, dictadas en este caso.*